A. REUBER v. GEORGE E. CRAWFORD.

FILED MARCH 1, 1893.    No. 4470.

1. **Alteration of Promissory Note : WEIGHT OF EVIDENCE.** In an action upon a promissory note one of the defenses was that the note had been altered by the insertion of the figures "10," to indicate the rate of interest. *Held*, That a preponderance of the evidence failed to show such alteration, and that if the defendant's testimony was true the note would draw seven per cent.

2. ———: ———: BONA FIDE HOLDER.   A party, on entering into-
a contract with an alleged fence company to act as its agent
within a certain township for one year, gave his negotiable note
for $120 with ten per cent interest, for the prospective profits to-
the company, the note to be returned at the expiration of the
year, less the profits on the fence sold, if sufficient profits were
not received to satisfy the note in full.   The note was duly in--
dorsed and transferred a few days after it was made.   In an ac-
tion by the holder against the maker, *held*, that a preponderance-
of the proof showed that he was a *bona fide* holder and entitled
to recover.

ERROR from the district court of Hall county.   Tried
below before HARRISON, J.

*Thummel & Platt*, for plaintiff in error.

*Thompson Bros., contra.*

MAXWELL, CH. J.

This is an action upon a promissory note as follows:

"$120.   GRAND ISLAND, NEBRASKA, August 4, 1887.

"One year after date I promise to pay to the order of
Cole, Grant & Co. one hundred and twenty dollars, value
received, with interest at 10 per cent per annum, payable-
at Hall County Fence Factory.

"G. E. CRAWFORD."

The defendant in his answer specifically denies many of
the facts stated in the petition.

"2d. Admits the execution of the note, but alleges that
it has been altered by inserting the figures '10' in that
part of the note fixing the rate of interest, whereas in the-
note as he signed it there was a blank space left for the
rate of interest.

"3d. That the instrument set forth in said plaintiff's
petition as originally executed and as described in the second
count of this answer was procured from this defendant by
the said Cole, Grant & Co., and their agents, by fraud and
misrepresentations in this, that they (the said Cole, Grant

& Co.) had established a manufactory in the city of Grand Island, Nebraska, in said county for the purpose of and was then manufacturing combination slat and wire fence under letters patent No. 298,032, dated May 6, 1884, and that they were, could, and would manufacture under said patent at said place fence of the following prices and so sell and turn the same over to this defendant if he would become their agent in said county, to-wit: 35–40c. per rod for 2 foot or hog fence, 55c. per rod for 6 wire fence, 60c. per rod for 8 wire fence, and 65c. per rod for 10 wire fence, all fence to be composed of No. 12 annealed steel and galvanized wire, and pickets 46 per rod. And that said fence would be a good and substantial fence, to be as good if not better fence than those then being manufactured and sold by James Cannon under the same patent in said county, and that the same could be manufactured and sold by them or others for said prices in said city, the same being the reasonable price therefor; that all of said representations of the said company and their said agent so made were false and untrue, as the said company and their said agent then well knew, and were made for the purpose of inducing the said defendant to become the agent for the said company for the sale of the said fence, and to induce him to give the said note or contract, and that relying upon the said false and fraudulent representations the said defendant executed the said note as it was before the said alteration was made, and delivered the said instrument to the said Cole, Grant & Co. through their said agents or servants, and that said instrument is therefore void, and that there was no other or further or different consideration for the giving of the said note or contract than as hereinbefore stated, and that the same was done without any consideration, and is therefore void, and that the said A. Reuber, and each and every one of the said parties mentioned in the said plaintiff's petition as being the holders and owners of the said note, had full and complete notice and knowledge

of the foregoing at the time and before they or either of them come into possession of said note, and that this defendant denies that either of said persons are innocent purchasers of said note for value before due, or at any other time, in the manner mentioned in said plaintiff's petition, or in any other way. Wherefore the said defendant asks that said note be declared void and of no effect, and that the same be ordered canceled, and for costs of suit."

On the trial of the cause the jury returned a verdict in favor of the defendant, and the action was dismissed. The original note is before us. It bears on its face evidence that it was filled out in full at the time it was made, and the person who filled the same out swears positively that such was the case. The only proof that it was not so filled out is the testimony to that effect of the defendant, but it is evident that he is mistaken, and a preponderance of the evidence is the other way. The agreement may have been as he contends, but it was filled out to draw ten per cent; and even if in the form the defendant contends for it would draw the legal rate, viz., seven per cent.

2. In August, 1887, the plaintiff and defendant entered into the following agreement:

## "ARTICLE OF AGREEMENT

Made and entered into this 4th day of August, 1887, by and between Cole, Grant & Co., of Bloomington, state of Illinois, parties of the first part, and G. E. Crawford, of the county of Hall, state of Nebraska, party of the second part, witnesseth: That the said parties of the first part, as legal owners of letters patent Nos. 298,032, dated May 6, and 300,517, dated July 7, 1884, upon improved machines to manufacture the combination slat and wire fence, and desiring to establish a permanent industry in Hall county for the purpose of manufacturing and selling said fence, do hereby make and constitute the party of the sec-

ond part a lawful agent, with power to contract, build, or sell the manufactured fence in the township of Wood River, county of Hall, state of Nebraska.

"The manufactured fence to be kept in stock by the manufacturing agent, Merrill & Matheson, at Grand Island, county of Hall, state of Nebraska, and at all times to be furnished to the second party at wholesale prices: 35–40c. per rod for 2 foot or hog fence, 55c. per rod for 6 wire fence, 60c. per rod for 8 wire fence,. and 65c. per rod for ten wire fence. All the fence to be composed of No. 12 annealed steel and galvanized wire, with 46 pickets per rod. The manufacturing agent has also bound himself by contract to use his endeavors to sell the fence, and on all sales made by him or at the factory to credit the township agent wherein the fence goes with all in excess of wholesale prices, the same to be sold so that the net profits to the agent shall at all times be 15c. per rod, or $48 per mile.

"The party of the second part, for and in consideration of the rights and privileges granted, does hereby agree to use his endeavors to sell the fence in the above named territory, keep a true account of the same, and remit by draft or postal order to the first parties 5c. per rod of the commission, after he has received all of the commission amounting to $360.00 on the first 7½ miles that are sold, as he has this day paid $120 to the first parties by the execution of his obligation, the commission on 2½ miles of fence, the said 2½ miles of fence to be sold in one year from the above date, as said obligation is given in consideration of the township, ⅔ interest in the business and privileges herein granted, and if said 2½ miles of fence are not sold at the expiration of one year, and said $120 not obtained by the extended date of one year from maturity of said obligation, said Cole, Grant & Co., or their authorized representatives, are unconditionally empowered to cancel said obligation of said agent and appoint another agent in his stead, returning to said agent the original ob-

ligation of $120, but not the amount of commissions paid thereon.

"The second party has also the right to use on all his own lands the fencing at factory prices, and the exclusive management of the business in his territory, and is to report amount of business by letter to the first parties at his general office in Bloomington, Ill., quarterly, on or before January, April, July, and October.

"In witness whereof, we have hereunto set our hands the day and year above written.

"COLE, GRANT & CO.

"G. E. CRAWFORD.

"NOTE.—Two of the above contracts are to be filled out exactly alike, and both of the contracting parties sign them, so each will hold a copy."

This is a very plausible agreement, with many advantages in favor of the alleged agent. It may have been fraudulent, although there is but little proof on that point. The defendant, however, in anticipation of profits to be derived from the sale of the fencing set forth in the contract, gave the note in question. This is negotiable, and he must have known that it was liable to be transferred to a *bona fide* holder. The note is, in effect, admitted to be genuine, and the plaintiff claims to be an innocent purchaser before maturity and without notice, and has introduced proof to sustain his contention. This proof preponderates over that of the defendant. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.